380 F.3d 126
 SOCIETE DES HOTELS MERIDIEN, Meridien, S.A., Meridien Hotels, Inc., MHI Leasco Dallas, Inc. and MHI Leasco New Orleans, Inc., Plaintiffs-Appellants,
v.
LASALLE HOTEL OPERATING PARTNERSHIP, L.P., LHO New Orleans LM, L.P., LHO New Orleans Financing, Inc., LHO Financing Partnership I, L.P., LHO Financing, Inc., LaSalle Partners Limited, LRP Dallas Hotel Limited Partnership, Michael D. Barnello, LaSalle Hotel Properties, Inc. and Starwood Hotels & Resorts Worldwide, Inc., Defendants-Appellees,
Jon Bortz, Hans Weger, Jane Does, and/or and John Does, 1-10, Defendants.
 Docket No. 03-7346.
 United States Court of Appeals, Second Circuit.
 Argued: February 25, 2004.
 Decided: August 17, 2004.
 
 Appeal from the United States District Court for the Southern District of New York, John S. Martin, Jr., J.
 Michael S. Elkin (Thomas P. Lane, Shari Markowitz Savitt, on the brief), Thelen Reid & Priest LLP, New York, NY, for Plaintiffs-Appellants.
 William M. Bosch (Brian H. Corcoran, Julie Pechersky, on the brief), Katten Muchin Zavis Rosenman, Washington, DC, for Defendants-Appellees LaSalle Hotel Operating Partnership, L.P., LHO New Orleans LM, L.P., LHO New Orleans Financing, Inc., LHO Financing Partnership I, L.P., LHO Financing, Inc., LaSalle Partners Limited, LRP Dallas Hotel Limited Partnership, Michael D. Barnello, and LaSalle Hotel Properties, Inc.
 George Brandon, Squire, Sanders & Dempsey, L.L.P., Phoenix, AZ, for Defendant-Appellee Starwood Hotels & Resorts Worldwide, Inc.
 Before: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.
 B.D. PARKER, JR., Circuit Judge.
 
 
 1
 Societe des Hotels Meridien and several related parties ("Meridien") appeal the dismissal under Federal Rule of Civil Procedure 12(b)(6) of their Lanham Act claims alleging false advertising and unfair competition through reverse palming off, see 15 U.S.C. § 1125(a)(1)(A), (B), as well as their supplemental state law claims. The claims had been asserted against Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") and LaSalle Hotel Operating Partnership, L.P. and related parties ("LaSalle"). Because we find that Meridien stated claims under the Lanham Act, we vacate and remand for further proceedings.
 
 I. Facts
 
 2
 The dispute that led to this litigation centers on several hotel directories circulated in early 2002 by Starwood, which manages hotels under the "Westin" name, among others. The directories contained pictures of two Meridien-managed hotels in Dallas and New Orleans that were respectively identified in the directories as "The Westin City Center, Dallas" and "The Westin New Orleans." The pictures contained no Meridien-related identification, but did include descriptions of amenities, services, and features. The directories also listed the telephone numbers for the Meridien-managed hotels.
 
 
 3
 The inclusion of the hotels in Starwood's directories had its roots in a dispute between Meridien and LaSalle. Meridien and LaSalle were parties to leases under which Meridien operated LaSalle-owned properties in New Orleans and Dallas. Both leases ran from February 1998 to April 2008. The agreements contained change of ownership provisions giving LaSalle the option to buy out Meridien's leasehold interest in the properties at fair market value if there was a change of ownership of Meridien. Meridien's sale of its hotel management business in 2001 triggered the option, which was then exercised by LaSalle. When Meridien allegedly defaulted under the leases by failing to accommodate the purchase, LaSalle terminated them in early 2002 and pursued arrangements it had made with Starwood to manage the Dallas and New Orleans hotels as "Westin" hotels. Meridien then filed a demand for arbitration and LaSalle sued in state court in New Orleans, Louisiana (the "New Orleans Action"). Meridien subsequently commenced an action in state court in Dallas, Texas, which was consolidated with another action later filed in Texas state court by LaSalle (the "Dallas Action").
 
 
 4
 In February 2002, the trial court in the New Orleans Action granted Meridien's motion for a preliminary injunction pending arbitration of the lease dispute and stayed LaSalle's efforts to appoint Westin as the new manager of the New Orleans hotel. In May, the trial court in the Dallas Action upheld LaSalle's termination (effective February 17) of the Dallas lease and concluded that Meridien no longer had the right to occupy the hotel. LaSalle's subsequent attempt to evict Meridien from the Dallas property on the basis of this ruling temporarily failed on procedural grounds, and, as a consequence, Meridien continued to manage the property.[1] During the period when Meridien was losing in the state court litigation but had not actually been evicted, Starwood began to circulate its hotel directory prominently featuring the hotels but identifying them as "Westin" rather than "Meridien" properties.
 
 
 5
 II. Procedural History and the District Court's Decision
 
 
 6
 In August 2002, Meridien commenced this action in the Southern District of New York. Meridien alleged Lanham Act and state law violations by Starwood and LaSalle, and sought a preliminary injunction preventing them from distributing publications that infringed its trademarks by describing the hotel properties as being a part of the Starwood group. The District Court denied this relief, concluding that Meridien had not shown a likelihood of success on the merits of its Lanham Act claims because it had failed to establish customer confusion under the eight factors delineated in Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492 (2d Cir.1961). See Societe Des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P., No. 02 Civ. 4090(JSM), 2002 WL 1918136 at *1-2, *4-5, 2002 U.S. Dist. LEXIS 15311, at *2-*3, *12-*13 (S.D.N.Y. Aug. 19, 2002) ("Meridien I"). The Court also determined that Meridien's false advertising claim under the Lanham Act was unlikely to succeed on the merits because neither Starwood nor LaSalle had made statements that were "literally false" given that the legal status of Meridien as the operator of the hotels was in dispute when the directories were distributed. See id. 2002 WL 1918136 at *5-6, at *14-*16 (citing Johnson & Johnson * Merck Consumer Pharms. Co. v. Smithkline Beecham Corp., 960 F.2d 294, 297 (2d Cir.1992)).
 
 
 7
 Subsequently, Meridien amended its complaint to assert direct Lanham Act claims for reverse palming off and false advertising against Starwood, contributory claims against LaSalle, as well as claims for common law unfair competition against both. Starwood and LaSalle then moved pursuant to Rule 12(b)(6) to dismiss the amended complaint and the Court granted the motion. See Societe des Hotels Meridien v. LaSalle Hotel Operating P'Ship, L.P., No. 02 Civ. 4090(JSM), 2003 WL 1090281 at *2, 2003 U.S. Dist. LEXIS 3565, at *6 (S.D.N.Y. Mar. 11, 2003) ("Meridien II"). The Court dismissed the reverse palming off claims because it concluded that Starwood's publication of the directories with photos of Meridien-managed hotels created only a small likelihood of confusion. It found that any such confusion would, in any event, benefit Meridien and not Starwood since Meridien would reap the benefits of any sales generated by these directories. Id. 2003 WL 1090281 at *1, at *5. The Court further dismissed the false advertising claims because it found nothing in the directories that "disparag[es] the quality of a competitor's product." Id. 2003 WL 1090281at *2, at *6. Finally, it declined to exercise supplemental jurisdiction over the remaining state law claims. Id. Meridien appealed and we reverse.
 
 III. Discussion
 
 A. Standard of Review
 
 
 8
 We review dismissals under Rule 12(b)(6) de novo. In so doing, we "accept all of plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Courtenay Communications Corp. v. Hall, 334 F.3d 210, 213 (2d Cir.2003) (internal quotation marks omitted).
 
 
 B. Meridien's Standing
 
 
 9
 As an initial matter, Appellants challenge Meridien's standing. To establish standing for a false advertising claim under section 1125(a) of the Lanham Act, the aggrieved party must demonstrate "a reasonable interest to be protected against the advertiser's false or misleading claims, and a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising." Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir.1994) (internal citation and quotation marks omitted). The likelihood of injury and causation "will not be presumed, but must be demonstrated in some manner." Coca-Cola Co. v. Tropicana Prods., Inc., 690 F.2d 312, 316 (2d Cir.1982), abrogated on other grounds by Fed.R.Civ.P. 52(a). However, the type and quantity of proof we have required to show injury and causation has varied from case to case. Generally, we have tended to require a more substantial showing where the plaintiff's products are not obviously in competition with the defendant's products, or the defendant's advertisements do not draw direct comparisons between the products. Ortho Pharm. Corp., 32 F.3d at 694.
 
 
 10
 In its amended complaint, Meridien alleges that "Starwood's actions were positioned to cause the maximum amount of harm to Plaintiffs," Compl. ¶ 32, and that "Defendants' wrongful acts have caused and will continue to cause customer confusion and injury to Plaintiffs, including without limitation, irreparable harm to Plaintiffs' brand, goodwill and reputation, destabilization of the workforce at both the Meridien New Orleans Hotel and the Meridien Dallas Hotel, and the loss of business." Id. ¶ 35; see also id. ¶¶ 39-40, 47-48, 52-53, 60-61 (same).
 
 
 11
 Appellants contend that these allegations lack the specificity required to establish standing. We disagree. We have consistently held that where the defendant has drawn a direct comparison between its own product and that of the plaintiff, we are inclined, without much more, to find standing to bring Lanham Act claims. See McNeilab, Inc. v. Am. Home Prods. Corp., 848 F.2d 34, 38 (2d Cir.1988) (holding that injury can be presumed, for purposes of obtaining a preliminary injunction, in a Lanham Act claim for false comparative advertising).
 
 
 12
 Here, the parties are direct competitors. We are satisfied that Starwood, in publishing its directories, has drawn a direct comparison between its product and that of Meridien. Meridien alleges, in essence, that Starwood is using Meridien's product to sell its own competing product by creating a false affiliation between the two chains and benefitting from the goodwill associated with the Meridien chain. On these allegations, we conclude that Meridien has demonstrated a reasonable basis for asserting that this conduct might cause it commercial injury under the Lanham Act. Consequently, Meridien has standing.
 
 
 13
 
 C. Meridien's Lanham Act Claim for Unfair Competition/Reverse Palming Off
 
 
 
 14
 The Lanham Act forbids the use in commerce of
 
 
 15
 any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —
 
 
 16
 ...
 
 
 17
 (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities....
 
 
 18
 15 U.S.C. § 1125(a)(1).
 
 
 19
 Reverse palming off under the Lanham Act occurs, simply stated, when "A sells B's product under A's name." Waldman Publ'g Corp. v. Landoll, Inc., 43 F.3d 775, 780 (2d Cir.1994) (internal quotation marks omitted). Specifically, a reverse palming off claim requires allegations: "(1) that the [product] at issue originated with the plaintiff; (2) that [the] origin of the [product] was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin." Softel, Inc. v. Dragon Med. & Sci. Communications, 118 F.3d 955, 970 (2d Cir.1997) (internal quotation marks omitted).
 
 
 20
 Meridien's claim is that the "product" is "hotel services" provided by Meridien, and that Starwood's use of the "Westin" mark to identify services provided at the Dallas and New Orleans hotels was a false designation of origin. Starwood's contention, accepted by the Court below, is that it did not literally depict Meridien's "product" in its directory but simply reproduced photographs of physical structures in which Meridien's hotel services were provided, but over which Meridien had no apparent ownership interest other than a tenuous right of occupancy. Starwood argues that Meridien cannot establish a "false designation" because the directories do not use any of Meridien's marks or otherwise suggest that Starwood is affiliated with or endorsed by Meridien, and that to establish an interest in the descriptive information included in its directories, Meridien was obligated to, but did not, allege that its management of the properties gave rise to a "secondary meaning" such that consumers would associate the images of, or information about, the properties with Meridien. See 815 Tonawanda St. Corp. v. Fay's Drug Co., Inc., 842 F.2d 643, 649 (2d Cir.1988) (requiring proof of "secondary meaning" in order to receive trademark protection for descriptive trademarks).
 
 
 21
 We conclude that Meridien has sufficiently asserted a claim under the Lanham Act against Starwood for reverse palming off. By identifying the properties as "Westin" hotels, Starwood was not simply advertising the physical structures at the properties, but was advertising the particular services it would (purportedly) offer within those structures. To the extent that Starwood is alleged to have included in its directories images of the hotels, provided the precise locations of the hotels, and described in general terms the services provided there, it has held itself out as the source of those services when it was not. The fact that it did not use any of Meridien's trademarks in the directories does not save Starwood from a reverse passing off claim, because it is precisely the removal of a competitor's trademark from a product that is the hallmark of such claims. See Waldman Publ'g Corp., 43 F.3d at 780. Moreover, Meridien was not required to plead "secondary meaning" essentially for the same reason. Secondary meaning "is used in typical passing-off cases involving trademarks or trade dress which are not inherently distinctive; in such a case, a plaintiff, in order to prove consumer confusion, must generally show that the copied features of its product have attained a secondary meaning." Id. at 784 n. 7. In a reverse palming off case, on the other hand, it is precisely "the lack of secondary meaning [that] the plaintiff is alleging." Blank v. Pollack, 916 F.Supp. 165; 170 (N.D.N.Y.1996). Meridien's allegation that Starwood's directories falsely designated the services provided at the New Orleans and Dallas properties as being provided by Starwood hotels is sufficient to withstand a Rule 12(b)(6) motion.
 
 
 22
 The District Court, in dismissing the complaint, focused on whether consumers would mistake the services provided by Meridien for services from Starwood. The Court sharply discounted that possibility, believing that any potential confusion would quickly dissipate upon "call[ing] the number listed in the directory," or even "driv[ing] past the hotel." Meridien II, 2003 WL 1090281 at *1, 2003 U.S. Dist. LEXIS 3565, at *5,. At an appropriate time, Starwood might well prove that consumer confusion was unlikely. But on a motion under Rule 12(b)(6) the inquiry is into the sufficiency of the pleading, not of the evidence. The allegations in Meridien's amended complaint satisfactorily assert a claim for reverse palming off. See Compl. ¶¶ 30-40. Accordingly, the District Court erred in dismissing it.
 
 
 23
 
 D. Meridien's Lanham Act Claim for False Advertising
 
 
 
 24
 A claim under the Lanham Act for false advertising requires allegations that: "(1) the advertisement is literally false..., or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers." Lipton v. Nature Co., 71 F.3d 464, 474 (2d Cir.1995); see 15 U.S.C. § 1125(a)(1)(B). Meridien's amended complaint alleges that Starwood "willfully and unlawfully distributed hotel directories that ... falsely advertise hotel properties (in New Orleans and Dallas) as being Westin hotels ... when in actuality they are presently part of the `Le Meridien' chain and are currently leased and operated by Meridien under Meridien's service marks." Compl. ¶ 1.
 
 
 25
 The District Court dismissed this claim, believing that a false advertising claim is intended to prevent an entity from falsely disparaging the quality of a competitor's product, and that "nothing in the Starwood Directory ... does that." Meridien II, 2003 WL 1090281 at *2, 2003 U.S. Dist. LEXIS 3565, at *6. But the text of the Lanham Act makes it clear that a false advertising claim can properly be brought against a defendant who misrepresents the quality of its own goods as well. The Act expressly forbids false or misleading descriptions or representations of fact concerning "the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 11 U.S.C. § 1125(a)(1)(B) (emphasis added); see Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs., 850 F.2d 904, 917 (2d Cir.1988) (holding that, to succeed on a false advertising claim under the Lanham Act, "a plaintiff must prove that the defendant misrepresented an inherent quality or characteristic of the defendant's product") (emphasis added and internal quotation marks omitted).
 
 
 26
 We hold that the depiction of services identified in Starwood's directories as emanating from "Westin" facilities, if true, qualifies as a "false or misleading description" or "representation of fact" that "misrepresents the nature" or qualities of both Starwood's and Meridien's products. 11 U.S.C. § 1125(a)(1)(B). We therefore hold that Meridien's allegations were sufficient for purposes of Rule 12(b)(6).
 
 
 27
 
 E. Meridien's Lanham Act Claims for Contributory Unfair Competition/Reverse Palming Off and Contributory False Advertising
 
 
 
 28
 Meridien also asserts claims against LaSalle for contributory violations of the Lanham Act based on the theory that one who intentionally induces another to infringe a trademark is contributorily liable for this infringement. See Polymer Tech. Corp. v. Mimran, 975 F.2d 58, 64 (2d Cir.1992). Meridien alleged that LaSalle induced Starwood to violate the Lanham Act "by intentionally directing, approving, authorizing, drafting and/or editing the Starwood Worldwide Directories." Compl. ¶ 33.
 
 
 29
 The District Court dismissed Meridien's contributory claims on the ground that it had failed adequately to assert primary violations of the Lanham Act against Starwood. See Meridien II, 2003 WL 1090281 at *1-2, 2003 U.S. Dist. LEXIS 3565, at *5-*6. Having determined that Meridien's primary claims should be reinstated, we conclude that Meridien has also stated claims for contributory liability under the Lanham Act and that the District Court erred in dismissing them.[2]
 
 IV. Conclusion
 
 30
 For the foregoing reasons, we vacate the District Court's dismissal of the amended complaint and remand for proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Ultimately, LaSalle appears to have prevailed in both the New Orleans and Dallas actions. The preliminary injunction granted in the New Orleans action was reversed on appeal by a Louisiana intermediate appellate court in November 2002,see LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc., 833 So.2d 1010, 1016 (La.App. 4th Cir.2002), and the eviction was permitted to proceed in the Dallas action in July 2002.
 
 
 [2]
 Once the District Court dismissed Meridien's federal claims, it declined to exercise supplemental jurisdiction over Meridien's state unfair competition claims pursuant to 28 U.S.C. § 1367(c)(3)See Meridien II, 2003 WL 1090281 at *2, 2003 U.S. Dist. LEXIS 3565 at *6 Since we reinstate the Lanham Act claims, we vacate the dismissal of Meridien's state law claims.