**L. & J.G. STICKLEY, INC.,**
**Plaintiff–Appellee,**

v.

**Ronald C. COSSER, doing business as The Craftsman, Melissa Cosser, and Lyle Noreault, Defendants–Appellants.**

**No. 06–2819–cv.**

United States Court of Appeals,
Second Circuit.

Nov. 27, 2007.

David P. Miranda, Heslin Rothenberg Farley & Mesiti P.C., Albany, N.Y., for Plaintiff–Appellee.

Timothy J. Perry, Sugarman Law Firm, LLP, Syracuse, N.Y., for Defendants–Appellants.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JOHN F. KEENAN, District

Judge.*

## SUMMARY ORDER

Defendants–Appellants Ronald Cosser, Melissa Cosser, and Lyle Noreault appeal from a May 22, 2006 Memorandum–Decision and Order of the United States District Court for the Northern District of New York (Mordue, *J.*) denying their motion for summary judgment, granting Appellee's motion for partial summary judgment, and issuing a permanent injunction against Appellants. We assume the parties' familiarity with the facts and procedural history of the case.

A successful Lanham Act claim may be made in one of two ways: "A claim under the Lanham Act for false advertising requires allegations that: '(1) the advertisement is literally false ..., or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers.'" *Societe Des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P.*, 380 F.3d 126, 132 (2d Cir.2004) (quoting *Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995)). An actionable false representation must also be material—that is, it must "'misrepresent[ ] an inherent quality or characteristic of the product.'" *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir.2001) (quoting *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir.1997) (internal quotation marks omitted)). Moreover, because the court below granted summary judgment, we review the matter *de novo*, viewing all of the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 80 (2d Cir.2004).

■ Here, Appellants acknowledge that they have made a number of literally false statements in their advertisements and business solicitations, including repeated claims that one of them was the finishing foreman at Appellee for twenty-five years and claims that their furniture polish derives from a formulation of Gustav Stickley. These misrepresentations are clearly material, and they therefore suffice to make out a Lanham Act violation.

■ We next review the district court's issuance of a permanent injunction for abuse of discretion. *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir.2005). In order "[t]o obtain a permanent injunction, a plaintiff must succeed on the merits and show the absence of an adequate remedy at law and irreparable harm if the relief is not granted." *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir.2006) (internal quotation marks and citation omitted). The irreparable harm showing requires that the plaintiff demonstrate "a reasonable basis for the belief that the plaintiff is likely to be damaged as a result of the false advertising." *Johnson & Johnson v. Carter–Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir.1980). The fact that the parties' products compete in the same market weighs in favor of a finding of irreparable harm. *See Ortho Pharm. Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 694 (2d Cir.1994). Here, we cannot say that the court below abused its discretion in finding irreparable harm and therefore issuing a permanent injunction. We read the injunction issued by the district court as barring only *false or misleading* "uses of or references to the name, furniture polish, furniture polish formula, and/or furniture finishing business of 'Stickley' or 'L. & J.G. Stickley' or its business, or to Gustav Stickley, Leopold Stickley or John

---

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

544

George Stickley." Thus read, the injunction is not overbroad. But the injunction in its present form may, perhaps, be vague, and we therefore remand to the district court in order that it may insert the words "false or misleading" in front of the language quoted above in the injunction.

We have, moreover, considered all of Appellants' other contentions with regard to the Lanham Act claim and the resulting injunctive relief, and we find them without merit. Because Appellee seeks only injunctive relief, and because we affirm the district court's granting of that relief under the Lanham Act, we do not find it necessary to reach Appellee's state law claims.

Finally, insofar as Appellants' summary judgment motion sought the dismissal of the claims on which the district court granted summary judgment to Appellee, our affirmance of the grant of summary judgment to Appellee serves also to affirm the denial of summary judgment to Appellants. Insofar as Appellants sought summary judgment on other issues, the district court's denial of their summary judgment motion was not a final decision, and thus this Court has no jurisdiction over it under 28 U.S.C. § 1291. *Marshall v. Sullivan*, 105 F.3d 47, 53 (2d Cir.1996).

Accordingly, we AFFIRM the judgment of the district court insofar as it grants summary judgment and injunctive relief to Appellee and insofar as it denies Appellants' motion for summary judgment on the same issues. We REMAND to the district court in order to insert clarifying language in the injunction. And we DISMISS the appeal insofar as Appellants seek review of the denial of their summary judgment motion on other grounds.